IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RODNEY L. REESE, # 297555, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-CV-805-ECM |
| ) | [WO] |
| WALTER MYERS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on September 29, 2016, by Rodney L. Reese.  Doc. 1.[1]  Reese seeks early release from his six-year sentence for electronic solicitation of a child.  According to Reese, Ala. Code § 15-22-26.2, a statute enacted after he was sentenced, mandates his release from prison prior to the December 24, 2016 expiration of his sentence calculated by the Alabama Department of Corrections ("ADOC").  For the reasons that follow, the Magistrate Judge finds that Reese's petition should be dismissed without an evidentiary hearing.

### II.   DISCUSSION

**A.   State Court Proceedings**

---

[1] References to document numbers (Doc(s).) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

On October 7, 2014, Reese pleaded guilty in the Houston County Circuit Court to electronic solicitation of a child, in violation of § 13A-6-122, Ala. Code 1975.[2]  Doc. 8-2. On that same date, Reese was sentenced to six years in prison.  Doc. 8-3.  Reese took no direct appeal, and he filed no post-conviction petition challenging his conviction and sentence under Rule 32 of the Alabama Rules of Criminal Procedure.

On July 19, 2016, Reese filed a motion with the trial court arguing he was entitled to early release under 2015 Alabama legislation, Senate Bill 67, now codified at Ala. Code § 15-22-26.2.[3]  Doc. 8-8.  The trial court denied that motion on July 20, 2016.  Doc. 8-9.

---

[2] Section 13A-6-122 provides:

> [A] person who, knowingly entices, induces, persuades, seduces, prevails, advises, coerces, lures, or orders, or attempts to entice, induce, persuade, seduce, prevail, advise, coerce, lure, or order, by means of a computer, on-line service, Internet service, Internet bulletin board service, weblog, cellular phone, video game system, personal data assistant, telephone, facsimile machine, camera, universal serial bus drive, writable compact disc, magnetic storage device, floppy disk, or any other electronic communication or storage device, a child who is at least three years younger than the defendant, or another person believed by the defendant to be a child at least three years younger than the defendant to meet with the defendant or any other person for the purpose of engaging in sexual intercourse, deviate sexual intercourse, sexual contact, sexual performance, obscene sexual performance, sexual conduct, or genital mutilation, or directs a child to engage in sexual intercourse, deviate sexual intercourse, sexual contact, sexual performance, obscene sexual performance, sexual conduct, or genital mutilation is guilty of electronic solicitation of a child. Any person who violates this section commits a Class B felony.

§ 13A-6-122, Ala. Code 1975.

[3] This Recommendation cites Ala. Code § 15-22-26.2 where Reese refers in his petition to Senate Bill 67. Section 15-22-26.2 provides in pertinent part:

> (a) A convicted defendant sentenced to a period of confinement under the supervision of the Department of Corrections shall be subject to the following provisions, unless the defendant is released to a term of probation or released on parole under the provisions of Chapter 22 of Title 15:
>
>     . . . .

**B.     Mootness**

Reese filed this § 2254 petition on September 29, 2016, asserting that under Ala. Code § 15-22-26.2, he is entitled to be released from ADOC custody prior to his release date of December 24, 2016, calculated by ADOC.  Doc. 1 at 5 & 15.  While Reese's § 2254 petition was pending in this court, Reese completed his sentence and was released from ADOC custody on December 24, 2016.

> "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002).  A case that is moot must be dismissed because mootness is jurisdictional.  *Id*.

*Biester v. Lanier*, 249 F. App'x 782, 783 (11th Cir. 2007).

Reese's release from prison effectively provided him with the relief he requests in his petition.  This court can no longer give him meaningful relief on his assertion that he is entitled to release under Ala. Code § 15-22-26.2.[4]  Because no alleged injury can be

---

> (2)  If the defendant is sentenced to a period of more than five years but less than 10 years, he or she shall be released to supervision by the Board of Pardons and Paroles no less than six months and no more than nine months prior to the defendant's release date;
>
> . . . .
>
> (b) The provisions of this section shall not apply to a defendant convicted of any sex offense involving a child, as defined in Section 15-20A-4.

Ala. Code § 15-22-26.2(a)(2) & (b).

[4] Section 15-22-26.2 addresses the transfer of supervision of inmates, under specified circumstances, from ADOC to the Alabama Board of Pardons and Paroles.  While not necessary to this court's disposition of Reese's § 2254 petition, this court agrees with Respondents that the state trial court's ruling denying Reese's request for early release under § 15-22-26.2 involves a pure question of state law.  Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes.  *Carrizales*

redressed by a favorable decision, this case is moot. *See, e.g., Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997) ("Because Munoz has been released . . . , we can no longer provide him the primary relief sought in his habeas corpus petition."); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Based on the foregoing, the court finds that dismissal of this petition as moot is appropriate, as reaching the merits of any claims presented would serve no purpose.

**C.     One-Year Limitation Period**

Reese's claims for relief are set forth in a most cursory fashion, with no supporting facts or argument. Besides seeking release under Ala. Code § 15-22-26.2, he asserts (again with no supporting facts or argument) that he received ineffective assistance of counsel. To the extent Reese's § 2254 petition contains claims challenging his conviction and sentence imposed in 2014, his petition is time-barred.

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

---

*v. Wainwright*, 699 F.2d 1053, 1054–55 (11th Cir. 1983). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *Id.* at 1055. Respondents have also correctly observed that Reese failed to exhaust this claim in the state courts.

>Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period for filing a § 2254 petition runs from the date on which the state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Because Reese filed no direct appeal, his conviction became final on November 18, 2014—42 days after his October 7, 2014 sentencing—because that was the date on which direct review could no longer be pursued. *See* Ala.R.App.P. 4(b)(1) (criminal defendants in Alabama must file notice of appeal within 42 days after sentencing). Under § 2244(d)(1)(A), then, Reese had until November 18, 2015 to file a § 2254 petition challenging his conviction and sentence, absent statutory or equitable tolling.

Title 28 § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

5

judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2).  Reese, however, filed no post-conviction petition challenging his conviction and sentence under Rule 32 of the Alabama Rules of Criminal Procedure.  Therefore, he is afforded no tolling benefit under § 2244(d)(2).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) to (D) do not provide safe harbor for Reese by affording a different triggering date such that AEDPA's limitation period commenced on some date later than November 18, 2014, or expired on some date later than November 18, 2015.  There is no evidence that an unlawful state action impeded Reese from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Reese submits no ground for relief with a factual predicate not discoverable earlier with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(D).  Reese also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C).

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  Equitable tolling is an extraordinary remedy applied only sparingly. *Logreira v. Secretary Dept. of Corr.*, 161 F. App'x 902, 903 (11th Cir. 2006).  A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The burden of establishing entitlement to equitable

6

tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Reese makes no argument for equitable tolling. Because he failed to file his § 2254 petition within AEDPA's one-year limitation petition, his petition is time-barred to the extent it contains claims challenging his conviction and sentence imposed in 2014.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) The § 2254 petition be DISMISSED for lack of jurisdiction, as the petition is moot, to the extent Reese seeks release from custody under Ala. Code § 15-22-26;

(2) The § 2254 petition be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of AEDPA's one-year limitation period (28 U.S.C. § 2244(d)), to the extent Reese's asserts claims challenging his conviction and sentence imposed in 2014.

It is further ORDERED that the parties shall file any objections to this Recommendation **or before February 5, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982); 11th Cir. R. 3-1; *Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 16th day of January, 2019.

　　　　　　　　　　　　　　　　/s/  Stephen M. Doyle
　　　　　　　　　　　　　　STEPHEN M. DOYLE
　　　　　　　　　　　　　　UNITED STATES MAGI